IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DRUMMOND, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 2:18-cv-1127-MJH |
| ROBINSON TOWNSHIP, et al., | ) ) ) ) |
| Defendants. | ) ) |

**JOINT MOTION FOR ENTRY OF CONSENT ORDER**

The parties respectfully request that this Honorable Court enter the parties' Proposed Consent Order, attached as Exhibit A, and as support therefor state as follows:

1. This Court entered a preliminary injunction on October 13, 2021, finding that Plaintiffs were likely to succeed on the merits of their claims and enjoining Defendants from enforcing provisions of the Robinson Township Zoning Ordinance which would require Plaintiffs to operate the subject property ("Property") known as the "Greater Pittsburgh Gun Club" ("GPGC") as a non-profit and which would allow the use only of rimfire (and not centerfire) rifles on the Property. *See* Doc. 55 at 8.

2. Pursuant to that injunction, on November 8, 2021, Defendants granted Plaintiffs' request for a provisional zoning permit to operate the Property without complying with the non-profit ownership rule or the rimfire rule. *See* Exhibit B, Ltr. from Crystal Brown to William Drummond.

3. Prior to November 8, 2021, Plaintiffs had been unable to operate the Property for nearly four years, during which time they claim to have suffered economic damages in the form of lost profits.

4. Under 42 U.S.C. § 1988, Plaintiffs would be eligible for an award of attorneys' fees upon prevailing in this litigation.

5. Following mediation on January 7, 2022, the parties have reached an agreement to resolve all claims in this case. Pursuant to this agreement, Defendants have agreed to grant Plaintiffs non-provisional zoning approval to operate the Property without complying with the non-profit ownership rule or the rimfire rule and to pay Plaintiffs $165,000 to resolve all claims for damages, fees, or costs.

6. Accordingly, the parties jointly submit the proposed consent order that, if approved by the Court, will resolve all claims remaining in this case.

7. The parties submit that the proposed decree is fair, reasonable, and faithful to the law. *See United States v. Southeastern Pa. Transp. Auth.*, 235 F.3d 817, 823 (3d Cir. 2000). The agreement was negotiated at arm's length by experienced counsel and with the assistance of an experienced mediator. *See United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990). Its terms are reasonable and faithful to the law given the findings of the Third Circuit to date in this litigation and the risks to the parties of continued litigation. And the agreement advances public policy because "[v]oluntary settlement of civil controversies is in high judicial favor." *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir. 1982).

WHEREFORE, the parties respectfully request that this Court enter the Proposed Consent order attached as Exhibit A.

Respectfully submitted,

Dated: March 15, 2022

James H. McCune (PA Bar No. 19852)
K. Bradley Mellor (PA Bar No. 61363)
BOWLES RICE
1800 Main Street, Suite 200
Cannonsburg, PA 15317
(724) 514-8938
(724) 514-8954 (fax)
jmccune@bowlesrice.com
bmellor@bowlesrice.com

Respectfully Submitted,

*/s/ David H. Thompson*
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

*/s/ Trisha A. Gill*
Trisha A. Gill, Esq. (PA Bar No. 83751)
LITCHFIELD CAVO, LLP
Two Gateway Center
603 Stanwix Street, 10th Floor
Pittsburgh, PA 15222
(412) 291-8240

*Attorney for Defendants*